UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL W. MOON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 4:23-CV-1487 JSD |
| SAM SCISM MOTORS, et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the application of self-represented plaintiff Darnell W. Moon for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. Additionally, the Court has carefully reviewed plaintiff's complaint and for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim and legal frivolity.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On November 21, 2023, plaintiff filed this action on a civil complaint form against Sam Scism Motors, located in Farmington, Missouri, and an "Unknown Traveling Black Salesman," who is alleged to be a contractor for Sam Scism Motors.[1] ECF No. 1. Plaintiff asserts he is bringing this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA) and "Missouri law[] for common law fraud, negligence, negligence *per se*, the Missouri

---

[1] Since 2009, plaintiff has filed approximately twenty-five civil cases in this Court against various defendants. The majority of his filings have been dismissed upon initial review for either lack of subject matter jurisdiction or failure to state a claim.

2

Merchandising Practices Act, civil conspiracy, . . . and Intentional Infliction of Emotional Distress." ECF No. 1-1 at 1.

Plaintiff alleges that in June of 2023 he received a flyer in the mail from defendant Sam Scism Motors (hereinafter "the dealership"). The flyer purportedly informed plaintiff that he won $100 in cash and indicated that the dealership would approve him for an automobile loan as long as he had a valid driver's license, proof of insurance, $2,000 provable income, and the ability to pay a $1,000 down payment not inclusive of taxes and fees. Plaintiff states he called the dealership to ask if the $100 prize was a scam. An unnamed individual allegedly told plaintiff the promotion was valid, no purchase was necessary, and to report to the dealership in order to receive $100 in cash. Plaintiff arrived at the dealership and was told by "the black salesman" that the flyer was a "trick" to get people to finance a car. After some discussion, plaintiff gave the defendant salesman permission to run a soft inquiry of his credit, but a hard inquiry was run instead. The defendant salesman informed plaintiff that he was not approved. Plaintiff expressed his disappointment with the results since he believed he qualified for a loan based on the flyer. Plaintiff was given a smart watch and told to leave.

As a result of this incident, plaintiff claims he suffered from severe depression, stress, anxiety, fatigue, and began overeating. For relief, he seeks a declaratory judgment, an injunction, $10,000,000 in "compensatory damages on the state law claims," $50,000 for the FCRA violation, and $2,800,000 in punitive damages.

**Discussion**

Having reviewed the complaint, the Court finds that plaintiff's claims against defendants Sam Scism Motors and the "black traveling salesman" fail to survive review under 28 U.S.C. § 1915(e)(2)(B) and should be dismissed at this time.

The FCRA was enacted "to ensure fair and accurate *credit reporting*, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (emphasis added). Under the FCRA, if a consumer notifies a consumer reporting agency ("CRA") of a dispute regarding the completeness or accuracy of information contained in the consumer's credit report, the CRA is required to conduct a reasonable reinvestigation of the disputed information and determine whether the information is inaccurate. *See* 15 U.S.C. § 1681i(a). As part of its reinvestigation, the CRA must notify the furnisher of the credit information of the dispute, and either record the current status of the disputed information or delete it from the consumer's file. 15 U.S.C. § 1681i(a)(2). To enforce these provisions, the FCRA created a private right of action against CRAs for willful noncompliance (15 U.S.C. § 1681n) and for negligent noncompliance (15 U.S.C. § 1681o).

Plaintiff has not provided any factual allegations relating to defendants such that the Court can discern that either the defendant dealership or the defendant car salesman is a CRA as defined in the statute. Pursuant to 15 U.S.C. § 1681a(f), the term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to

4

third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

A "consumer report," as defined under 15 U.S.C. § 1681a(d)(1), is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for-- (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes. . ." or other purpose as defined under 15 U.S.C. § 1681b.

Plaintiff has not stated that defendants provided him or another with a "consumer report," nor has he indicated that defendants are a CRA as defined under the Fair Credit Reporting Act. To make out a prima facie violation of the FCRA, plaintiff must present allegations showing that a CRA prepared a report containing inaccurate information. Thus, plaintiff has not stated a claim under the FCRA against either defendant in this matter. Liberally construing the complaint, plaintiff's allegations under the FCRA simply cannot survive review under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff's FCRA will be dismissed, all remaining pendent state claims will be dismissed, as well. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.,* 851 F.2d 1127, 1130 (8th Cir.1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Fair Credit Reporting Act claims are **DISMISSED** without prejudice. The Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's pendent state-law claims are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** than an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 13th day of December, 2023.

                                                HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE